UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RONALD DOUGLAS COLLETT,

    Plaintiff,

    v.

SGT. RUSSELL and ALAMEDA COUNTY SHERIFF'S DEPARTMENT,

    Defendants.

Case No. C 14-0857 KAW (PR)

**ORDER OF PARTIAL SERVICE**

Plaintiff Ronald Douglas Collett, a prisoner incarcerated at Santa Rita County Jail, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights by Alameda County Sheriff Sergeant Russell and the Alameda County Sheriff's Department. Plaintiff has consented to the jurisdiction of the undersigned United States Magistrate Judge over this action. Plaintiff has filed a motion for leave to proceed *in forma pauperis* ("IFP") with a completed IFP application, which is granted in a separate order. The Court now addresses the claims asserted in Plaintiff's complaint.

## DISCUSSION

I.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Caifornia Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633.  Under no circumstances is there respondeat superior liability under § 1983. *Lemire*, 726 F.3d at 1074.  Or, in layman's terms, under no circumstances is there liability under § 1983 solely because one is responsible for the actions or omissions of another. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984). A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012).  It is insufficient for a plaintiff only to allege that supervisors knew about the constitutional violation and that they generally created policies and procedures that led to the violation, without alleging "a specific policy" or "a specific event" instigated by them that led to the constitutional violation. *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012).

II.     Plaintiff's Claims

In his complaint, Plaintiff alleges the following.  On September 11, 2013, Plaintiff was at his mother's house.  He was told by several people that the Sheriff's Department was going to make an example of him, by beating him.  When Sgt. Russell arrived at Plaintiff's mother's house, Plaintiff tried to hide from him.  But Sgt. Russell found Plaintiff, ordered him to lie on his stomach, and then brutally beat him.

2

1     An allegation of the use of excessive force by a law enforcement officer in effectuating an
2 arrest states a valid claim under 42 U.S.C. § 1983. *Rutherford v. City of Berkeley*, 780 F.2d 1444,
3 1447 (9th Cir. 1986), *overruled on other grounds by Graham v. Connor*, 490 U.S. 386 (1989).
4 Excessive force claims which arise in the context of an arrest or investigatory stop of a free citizen
5 are analyzed under the Fourth Amendment reasonableness standard. *Graham v. Connor*, 490 U.S.
6 386, 394-95 (1989).
7     Liberally construed, Plaintiff's complaint alleges a Fourth Amendment claim against Sgt.
8 Russell. However, he does not state a claim against the Alameda County Sheriff's Department.
9     Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official
10 policy or custom causes a constitutional tort, *see Monell v. Dep't of Social Servs.*, 436 U.S. 658,
11 690 (1978); however, a city or county may not be held vicariously liable for the unconstitutional
12 acts of its employees under the theory of respondeat superior, *see Board of Cty. Comm'rs of Bryan*
13 *Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691. To impose municipal liability
14 under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff
15 possessed a constitutional right of which he or she was deprived; (2) that the municipality had a
16 policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights;
17 and (4) that the policy is the moving force behind the constitutional violation. *Plumeau v. School*
18 *Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997).
19     Plaintiff's complaint fails to state a claim against the Sheriff's Department because he does
20 not allege that the Sheriff's Department had a policy which amounts to deliberate indifference to
21 his Fourth Amendment rights and that the policy was the moving force behind the Fourth
22 Amendment violation. Therefore, the claim against the Alameda County Sheriff's Department is
23 dismissed with leave to amend for Plaintiff to remedy this deficiency, if he truthfully can do so.

## CONCLUSION

25 For the foregoing reasons, the Court orders as follows:
26 1. Plaintiff states a cognizable Fourth Amendment claim for excessive force in his arrest
27 against Alameda Sheriff's Sgt. Russell.
28 2. Plaintiff's Fourth Amendment claim against the Alameda County Sheriff's Department

3

1  is dismissed with leave to amend.  Plaintiff may file an amended complaint remedying the
2  deficiencies noted above within twenty-one days from the date of this Order.  The amended
3  complaint must include the caption and civil case number used in this Order and the words
4  AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces
5  the original complaint, Plaintiff must include in it all the claims he wishes to present.  *See Ferdik*
6  *v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the
7  original complaint by reference.  If Plaintiff does not file an amended complaint within the
8  designated timeframe, his claims against the Sheriff's Department will be dismissed without leave
9  to amend and his claim against Sgt. Russell will proceed in accordance with the schedule set forth
10 below.

11         3. The Clerk of the Court shall mail <u>a Notice of Lawsuit and Request for Waiver of
12 Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint
13 (docket no. 1) and all attachments thereto, a copy of this Order and a copy of the form "Consent or
14 Declination to Magistrate Judge Jurisdiction" to Alameda County Sheriff Sgt. Russell.</u>  A courtesy
15 copy of the complaint with attachments and this Order shall also be mailed to the Alameda County
16 Counsel's Office.

17         4. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure require
18 him to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant
19 to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of
20 Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of
21 such service unless good cause be shown for their failure to sign and return the waiver forms.  If
22 service is waived, this action will proceed as if Defendants had been served on the date that the
23 waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve
24 and file an answer before <u>sixty</u> days from the date on which the request for waiver was sent.  (This
25 allows a longer time to respond than would be required if formal service of summons is
26 necessary.)

27         Defendants are advised to read the statement set forth at the foot of the waiver form that
28 more completely describes the duties of the parties with regard to waiver of service of the

4

1  summons. If service is waived after the date provided in the Notice but before Defendants have
2  been personally served, the answer shall be due <u>sixty</u> days from the date on which the request for
3  waiver was sent or <u>twenty</u> days from the date the waiver form is filed, whichever is later.

4       5. Defendants shall file their Consent or Declination to Magistrate Judge Jurisdiction on or
5  before the date their answer is due.

6       6. Defendants shall answer the complaint in accordance with the Federal Rules of Civil
7  Procedure. The following briefing schedule shall govern dispositive motions in this action:

8          a. No later than <u>thirty</u> days from the date his answer is due, Defendants shall file a
9  motion for summary judgment or other dispositive motion. If Defendants file a motion for
10 summary judgment, it shall be supported by adequate factual documentation and shall conform in
11 all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case
12 cannot be resolved by summary judgment, they shall so inform the Court prior to the date the
13 summary judgment motion is due. All papers filed with the Court shall be promptly served on
14 Plaintiff.

15     At the time of filing the motion for summary judgment or other dispositive motion,
16 Defendants shall comply with the Ninth Circuit's decisions in *Woods v. Carey*, 684 F.3d 934 (9th
17 Cir. 2012), and *Stratton v. Buck*, 697 F.3d 1004 (9th Cir. 2012), and provide Plaintiff with notice
18 of what is required of him to oppose a summary judgment motion or a motion to dismiss for
19 failure to exhaust administrative remedies.

20         b. Plaintiff's opposition to the motion for summary judgment or other dispositive
21 motion shall be filed with the Court and served on Defendants no later than <u>twenty-eight</u> days
22 after the date on which Defendants' motion is filed.

23     Before filing his opposition, Plaintiff is advised to read the notice that will be provided to
24 him by Defendants when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure
25 and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come
26 forward with evidence showing triable issues of material fact on every essential element of his
27 claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this
28 case, he must be prepared to produce evidence in support of those allegations when he files his

opposition to Defendants' summary judgment motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

   c. Defendants shall file a reply brief no later than fourteen days after the date Plaintiff's opposition is filed.

   d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

  7. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

  8. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or their counsel.

  9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

  10. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than seven days prior to the deadline sought to be extended.

**IT IS SO ORDERED.**

Dated: 4/25/14

_____
KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE