UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD DOUGLAS COLLETT,<br><br>    Plaintiff,<br><br>    v.<br><br>RUSSELL, et al.,<br><br>    Defendants. | Case No. 14-cv-00857-KAW<br><br>**ORDER DISMISSING CLAIM AGAINST SHERIFF'S DEPARTMENT; SERVING COGNIZABLE CLAIM AGAINST DEPUTY KIMZEY; BRIEFING SCHEDULE FOR SGT. RUSSELL**<br><br>Re: Dkt. No. 28 |

Plaintiff Ronald Douglas Collett, a prisoner incarcerated at Santa Rita County Jail, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights by Alameda County Sheriff's Sergeant James Russell and the Alameda County Sheriff's Office ("ACSO"). The Court found that Plaintiff had sufficiently alleged a Fourth Amendment claim against Sgt. Russell and twice dismissed Plaintiff's claim against the ACSO with leave to amend.

On November 19, 2014, Plaintiff filed his Second Amended Complaint ("SAC") in which he again fails to add allegations against the ACSO. Because this is the second opportunity Plaintiff has had to state a cognizable claim against the ACSO and he has failed to do so, his claim against the ASCO is dismissed with prejudice. *See* Fed. R. Civ. P. 41(b); *Yourish v. California Amplifier*, 191 F.3d 983, 989, 992 (9th Cir. 1999) (affirming dismissal of action with prejudice when plaintiff failed to amend complaint after receiving leave to do so, because expeditious resolution of litigation, the court's need to manage its docket, and avoiding prejudice to defendants favored dismissal).

In his SAC, however, Plaintiff adds an allegation that Deputy Brian Kimzey was the

second officer who, with Sgt. Russell, assaulted him on September 19, 2013. This is sufficient to allege a Fourth Amendment claim against Deputy Kimzey.

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. The claim against the ACSO is dismissed with prejudice.

2. Plaintiff states a cognizable Fourth Amendment claim for excessive force against Alameda County Sheriff's Deputy Kimzey.

3. The Clerk of the Court shall mail <u>a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the second amended complaint (Dkt. No. 28) and all attachments thereto, a copy of this Order and a copy of the form "Consent or Declination to Magistrate Judge Jurisdiction" to Alameda County Sheriff's Deputy Kimzey.</u> A courtesy copy of the second amended complaint with attachments and this Order shall also be mailed to the Alameda County Counsel's Office.

4. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires him to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fails to do so, he will be required to bear the cost of such service unless good cause be shown for his failure to sign and return the waiver forms. If service is waived, this action will proceed as if Defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will not be required to serve and file an answer before <u>sixty</u> days from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.)

Defendant is advised to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendant has been personally served, the answer shall be due <u>sixty</u> days from the date on which the request for waiver was sent or <u>twenty</u> days from the date the waiver form is filed, whichever is later.

2

5. Defendant shall file his Consent or Declination to Magistrate Judge Jurisdiction on or before the date his answer is due.

6. The following briefing schedule shall govern dispositive motions in this action:

a. No later than <u>thirty</u> days from the date his answer is due, Defendant shall file a motion for summary judgment or other dispositive motion.  If Defendant files a motion for summary judgment, it shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

At the time of filing the motion for summary judgment or other dispositive motion, Defendant shall comply with the Ninth Circuit's decisions in *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012), and *Stratton v. Buck*, 697 F.3d 1004 (9th Cir. 2012), and provide Plaintiff with notice of what is required of him to oppose a summary judgment motion on the merits or for failure to exhaust administrative remedies.

b. Plaintiff's opposition to the motion for summary judgment or other dispositive motion shall be filed with the Court and served on Defendant no later than <u>twenty-eight</u> days after the date on which Defendant's motion is filed.

Before filing his opposition, Plaintiff is advised to read the notice that will be provided to him by Defendants when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' summary judgment motion.  Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration.  Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

   c. Defendant <u>shall</u> file a reply brief no later than <u>fourteen</u> days after the date Plaintiff's opposition is filed.

   d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

 7. <u>Sgt. Russell shall file his dispositive motion together with Dep. Kimzey.</u>

 8. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2)(B) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

 9. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or their counsel.

 10. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

 11. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than <u>seven</u> days prior to the deadline sought to be extended.

**IT IS SO ORDERED**.

Dated: February 20, 2015

*/s/ Kandis Westmore*
_____
KANDIS A. WESTMORE
United States Magistrate Judge